IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS A. GASSNER,

        Plaintiff,

v.                                                                  No. 1:18-cv-00066-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that he is not entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 17), filed June 22, 2018, the Commissioner's response in opposition (Doc. 19), filed August 17, 2018, and Plaintiff's reply (Doc. 21), filed September 21, 2018. Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion should be DENIED.

### I. PROCEDURAL BACKGROUND

On May 27, 2014, Plaintiff filed an application for Social Security Disability Insurance benefits, alleging that he had been disabled since May 19, 2014, due to a head injury; left side mastoidectomy/perforated left eardrum; rod and fasteners in left hip/femur/knee; plate and fasteners on right ankle; PTSD/depression; Chagas disease; blurred vision; dizziness; and nausea.

(AR 209). On October 22, 2014, it was determined that Plaintiff was not disabled and his claim was denied. (AR 66). This determination was affirmed on May 1, 2015 (AR 82), and a subsequent hearing before administrative law judge ("ALJ") James Bentley, held on December 8, 2016, again ended in a denial. (AR 7-32).

In making his decision, ALJ Bentley engaged in the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 19, 2014.[2] (AR 12). At step two, ALJ Bentley found that Plaintiff has the severe impairments of chronic left hip pain; left leg pain; pain in the right foot; bilateral leg and foot pain; peripheral neuropathy; deformed third and fourth toes on the left; drop foot on the right; vertigo; posttraumatic stress disorder (PTSD); cognitive disorder; and alcohol and cocaine abuse, in remission. (*Id.*). The ALJ also found that Plaintiff has the non-severe impairments of headaches; left ear pain; and hypertension. (AR 13). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (AR 14).

ALJ Bentley next assessed Plaintiff's Residual Functional Capacity ("RFC"),[3] finding that, through the date last insured, Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except he was limited to understanding, remembering, and carrying out simple tasks with supervision due to side effects from medication. He was unable to climb ladders, ropes or scaffolding; limited to occasional climbing of stairs and ramps. He needed to avoid unprotected heights and dangerous machinery. He was limited to occasional balancing, kneeling, stooping, crouching, and crawling. He would require a sit/stand option, defined as just a temporary change in position from sitting to standing and vice versa with no more than one change in position every

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2016. (AR 12).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

        20 minutes and without leaving the workstation so as not to diminish pace or production.

(AR 17). The ALJ then proceeded to steps four and five where, with the help of a vocational expert, he determined that Plaintiff could not perform his past relevant work but he could perform the requirements of representative light occupations including, small products assembler, inspector packer, and cashier II performed in a booth setting. (AR 25-26).

        The ALJ's decision became final when, on November 22, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5). Plaintiff now asks this Court to reverse and remand the Commissioner's decision.

## II. STANDARD

        Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation

omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III. ANALYSIS

#### A. Plaintiff's Argument

Plaintiff raises one argument on appeal; namely that, when formulating Plaintiff's RFC, ALJ Bentley failed to properly consider opinion evidence provided by examining consultative psychologist, Dr. Louis Wynne. For the reasons discussed below, the Court finds that the ALJ did not err in his evaluation of this evidence.

#### B. The ALJ's Decision

ALJ Bentley based his RFC determination, in part, on Plaintiff's testimony and medical opinions provided by examining and non-examining state agency consultants. As is relevant here, Plaintiff testified that he is a college graduate (AR 50),[4] that he is capable of driving when he is not on medication or in too much pain (AR 52), and that he is able to do his own grocery shopping once he gets to the store (AR 53). Much of Plaintiff's testimony is corroborated throughout the record. For example, Plaintiff's brother, Martin Gassner, completed a Third-Party Function Report wherein he stated that Plaintiff is able to drive a car, go out alone, and shop for groceries. (AR 229). He also opined that Plaintiff is able to pay his own bills and handle money. Plaintiff also completed a Function Report and he, too, stated that he was able to drive, shop, and handle his own money. (AR 237).

Somewhat contrary to the above, agency examining psychologist, Dr. Wynne, evaluated Plaintiff and opined that he "cannot remember and carry out basic written instructions"; cannot

---

[4] In his Reply, Plaintiff argues that there is no "written proof" that he ever obtained a college degree. (Doc. 21, p. 1). However, at the December 8, 2016 hearing, Plaintiff's own attorney asked, "And but [sic] you managed to get an education and get through college, right?" To which Plaintiff replied, "I did." (AR 50).

"interact well with the general public, his coworkers, or his supervisors"; that "his concentration and ability to persist at simple work tasks are severely impaired"; and that he "would have difficulty adapting to changes in the workplace." (AR 400). Dr. Wynne further noted that Plaintiff "might not recognize some obvious hazards and although he appears able to 'do the math,' I do not think he could manage his own benefit payments." (*Id.*). In addition, the doctor diagnosed Plaintiff with borderline intellectual functioning, possibly due to a head injury Plaintiff suffered as an infant. (*Id.*).

Objectively, Dr. Wynne Reported that:

> [Plaintiff] could not copy a pair of intersecting pentagons or remember and carry out a written three-part set of directions. His fund of information was average but his ability to abstract was limited. He could not count backwards from 100 either by threes or by sevens and he could remember a set of digits forwards only to four but backwards to five. He could spell a common five-letter word backwards but his short-term memory for three things was significantly impaired although for three words only mildly so. He could perform operations in simple mental arithmetic. The anomalies in these performances should be noted, e.g., one can usually remember more digits forwards than in reverse.

(AR 397-98). ALJ Bentley assigned "little weight" to Dr. Wynne's opinion on the grounds that it was inconsistent with the doctor's objective findings as well as with, inter alia, Plaintiff's educational history and ability to drive a car. (AR 24).

Plaintiff challenges the ALJ's weight determination, arguing that (1) the record reveals that he did not have the capacity to hold "any kind of meaningful job in over 15 years prior to his hearing" (Doc. 17, p. 7); (2) that there are no facts that he ever worked an occupation which utilized a college degree (*Id.* at 8); and (3) that Dr. Wynne's opinions "were never directly controverted by any medical source" (*Id.*).

It should first be mentioned that inconsistency is a legally sufficient reason for discounting medical evidence. *See, e.g.*, 20 C.F.R. § 404.1527(c)(4) (detailing that consistency

is a factor to be considered in determining what weight to give to a medical opinion). Secondly, Plaintiff's first two arguments invite the Court to reweigh the evidence. This the Court cannot do. *Glass*, 43 F.3d 1392, 1395 (10th Cir. 1994). Finally, to support his third contention, Plaintiff does not discuss evidence which corroborates or fails to call into question Dr. Wynne's opinion. Instead, he merely argues that non-examining agency physician Dr. Wawerka ignored "the facts that from 1993 to 2014, Mr. Gassner had earnings indicating substantial gainful activity in only two of those 21 years." (Doc. 17, p. 8). The Court, however, cannot follow to what timeframe Plaintiff is referring or why it should review Dr. Wawerka's opinion, rather than the ALJ's findings.

Absent a showing that ALJ Bentley failed to apply the correct legal standards or failed to support his decision with substantial evidence, the latter of which Plaintiff does not challenge, the Court is without authority to reverse the Commissioner's decision. *See, e.g.*, *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 17), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Stipulated Motion for Extension of Time (Doc. 20), is hereby **DISMISSED as MOOT**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**